

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| GREGORY W. BARAN, M.D., | CIVIL ACTION NO. **1:04CV1251** |
| Plaintiff, | JUDGE: **JUDGE O'MALLEY** |
| vs. | |
| ASCENDIA MEDTECH AB f.k.a. AMEDIC AND MEDICAL DEVICE TECHNOLOGIES, INC., | COMPLAINT FOR WILLFUL PATENT INFRINGEMENT |
| Defendants. | JURY TRIAL DEMANDED **MAG. JUDGE BAUGHMAN** |

Plaintiff Gregory W. Baran, M.D., for his complaint against Defendants Ascendia MedTech AB f.k.a. AMEDIC and Medical Device Technologies, Inc., alleges as follows:

**THE PARTIES**

1. Plaintiff Gregory W. Baran, M.D. ("Dr. Baran") is an individual having a personal address of 8160 Belle Vernon Drive, Novelty, OH 44072.

2. Upon information and belief, Defendant Ascendia MedTech AB ("Ascendia") is a foreign corporation organized and existing under the laws of Sweden and maintains its principal place of business at Turebergsvägen, SE-191 47 Sollentuna, Sweden. Upon further information and belief, Ascendia was formerly known as AMEDIC and changed its name to Ascendia

MedTech AB in September, 2003.

3. Upon information and belief, Defendant Medical Device Technologies, Inc. ("MD Tech") is a corporation organized under the laws of the State of Delaware. Upon further information and belief, MD Tech maintains its principal place of business at 3600 SW 47th Avenue, Gainesville, FL 32608.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws, Title 35 of the United States Code.

5. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

## BACKGROUND FACTS

7. On June 25, 1991, the United States Patent and Trademark Office ("USPTO") granted U.S. Patent No. 5,025,797 for an invention entitled "Automated Biopsy Instrument" ("the '797 patent"). A true and correct copy of the '797 patent is attached hereto as Exhibit A. The inventor of the claimed subject matter of the '797 patent is Gregory W. Baran, M.D., and Dr. Baran is the owner of the entire right, title, and interest in and to the '797 patent. The claims of the '797 patent are both valid and enforceable.

8. On March 28, 1995, the USPTO granted U.S. Patent No. 5,400,798 for an invention entitled "Automated Biopsy Instrument" ("the '798 patent"). A true and correct copy of the '798 patent is attached hereto as Exhibit B. The inventor of the claimed subject matter of the '798 patent is Gregory W. Baran, M.D., and Dr. Baran is the owner of the entire right, title,

and interest in and to the '798 patent. The claims of the '798 patent are both valid and enforceable.

9. Upon information and belief, AMEDIC has made, imported, offered for sale, and/or sold an automatic biopsy instrument sold under the product name BioPince ("the BioPince product") in the United States.

10. Upon information and belief, MD Tech is making, importing, offering for sale, and/or selling the BioPince product in the United States.

## COUNT I

### (Infringement of U.S. Patent No. 5,025,797)

11. Paragraphs 1-10 are re-alleged and restated as if fully set forth herein.

12. By making, importing, offering for sale, and/or selling the BioPince product in the United States, AMEDIC and MD Tech have and/or are directly and/or indirectly infringing one or more claims of the '797 patent, in violation of 35 U.S.C. §§ 271(a) and 271(b).

13. Upon information and belief, the infringement of the '797 patent by AMEDIC and MD Tech was and is willful and deliberate, and will continue unless enjoined by this Court.

14. As a result of the infringement of the '797 patent by AMEDIC and MD Tech, Dr. Baran has suffered, and continues to suffer, damages in an amount to be established at trial. Furthermore, Dr. Baran has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

## COUNT II

### (Infringement of U.S. Patent No. 5,400,798)

15. Paragraphs 1-14 are re-alleged and restated as if fully set forth herein.

16. By making, importing, offering for sale, and/or selling the BioPince product in the

3

United States, AMEDIC and MD Tech have and/or are directly and/or indirectly infringing one or more claims of the '798 patent, in violation of 35 U.S.C. §§ 271(a) and 271(b).

17. Upon information and belief, the infringement of the '798 patent by AMEDIC and MD Tech was and is willful and deliberate, and will continue unless enjoined by this Court.

18. As a result of the infringement of the '798 patent by AMEDIC and MD Tech, Dr. Baran has suffered, and continues to suffer, damages in an amount to be established at trial. Furthermore, Dr. Baran has suffered, and continues to suffer, irreparable harm for which there is no adequate remedy at law.

## PRAYER

**WHEREFORE,** Plaintiff respectfully requests that the Court:

A. Preliminarily and permanently enjoin Defendants, and their officers, employees, servants, and agents, and all persons in active concert with any of them, against any further acts of direct infringement, inducement of infringement, or contributory infringement, under 35 U.S.C. § 283, including without limitation importing, manufacturing, offering for sale, and/or selling the BioPince product.

B. Order Defendants to deliver up for destruction any and all of its products that infringe any claim of the '797 and/or '798 patents or otherwise induce or contribute to such infringement, under 35 U.S.C. § 283.

C. Order Defendants to pay, in accordance with 35 U.S.C. § 284, damages adequate to compensate for the patent infringement, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs.

D. Find the infringement by Defendants to be willful, and order them to pay three (3) times the amount of damages found or assessed, under 35 U.S.C. § 284.

4

E.  Find this to be an exceptional case under 35 U.S.C. § 285, and order Defendants to pay Plaintiff's attorneys' fees, expenses and costs in this action.

F.  Grant Plaintiff such other and further relief as the Court may deem proper and just under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff Dr. Baran hereby demands a trial by jury of all issues so triable in this action.

Respectfully submitted,

DATED: July 2, 2004     By: _____
Steven M. Auvil (0063827)
sauvil@bfca.com
Gregory S. Kolocouris (0074806)
gkolocouris@bfca.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
2300 BP Tower, 200 Public Square
Cleveland, Ohio 44114-2378
Telephone: (216) 363-4500
Facsimile: (216) 363-4588

Attorneys for Plaintiff
**GREGORY W. BARAN, M.D.**