UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GREGORY W. BARAN, M.D.,** | : | Case No. 1:04CV1251 |
| | : | |
| Plaintiff, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | |
| **MEDICAL DEVICE** | : | |
| **TECHNOLOGIES, INC., et al.** | : | **MEMORANDUM AND OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

On November 1, 2005, the Court held a telephonic status hearing between Gregory Baran, M.D. ("Plaintiff"), and AMT Sverige AB ("AMT")[1] and Medical Devices Tech, Inc. ("MDT") (collectively, "Defendants"), in the above captioned case. Participating in the hearing were Steven Auvil and Gregory Kolocouris on behalf of Plaintiff; Robert Faber and Sean Mellino on behalf of AMT; and Monica Thompson and Blake Johnston on behalf of MDT. This Order memorializes the findings made during

---

[1] There is a dispute as to the business status of AMT; specifically, whether it is still in existence, whether it has dissolved, or whether it exists under a different name. On September 1, 2005, Plaintiff filed a second amended complaint naming "Gedon AB" as a defendant and describing Gedon AB as being "formerly known as" AMT. Until the matter is resolved, the Court will refer to the entity in question as AMT.

1

that hearing.

First, the Court informed the parties that the Court is currently considering AMT's *Memorandum Seeking Reconsideration of Order of September 6, 2005* (Doc. 71); the Court will issue a written order with respect to that motion at a later date. In addition, the Court hereby orders that:

(1) A *Markman* hearing and a hearing regarding the scope of sanctions imposed on AMT are both scheduled for December 21, 2005 at 10:00 a.m. The parties will discuss whether they will submit tutorials to the Court in advance of the *Markman* hearing; they will inform the Court by no later than December 2, 2005 of their intentions in this regard.

(2) MDT will notify Plaintiff within ten (10) business days of the status hearing, or no later than November 17, 2005, whether it will assert an advice-of-counsel defense to allegations of willful infringement.

(3) The deadline for the exchange of preliminary expert reports regarding testimony to be proffered at the *Markman* hearing is December 2, 2005.

(4) The stay on discovery ordered by the Court in the Order of September 6, 2005 (Doc. 64), is lifted, and limited non-expert discovery is re-opened for a period of sixty (60) days from the date of this status hearing. Pursuant to Federal Rule of Civil Procedure 6(a), the new deadline is January 3, 2006. Plaintiff is limited to fifteen (15) requests for admission during this sixty day discovery period.

**IT IS SO ORDERED.**

                                                s/Kathleen M. O'Malley
                                                **KATHLEEN McDONALD O'MALLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**Dated**: November 8, 2005